**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

**January 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JAVIER BALDERAMA,

     Plaintiff - Appellant,

v.

SHANNON BULMAN, in her official
capacity as Judge for the First District
Court of New Mexico; MARY
MARLOWE SOMMER, in her official
capacity as Chief Judge for the First
District Court of New Mexico; J. MILES
HANISEE, in his official capacity as Chief
Judge of the New Mexico Court of
Appeals; RAUL TORREZ, in his official
capacity as Attorney General for the State
of New Mexico; BETINA G.
MCCRACKEN, in her official capacity as
Acting Director for the New Mexico Child
Support Enforcement Division,

     Defendants - Appellees,

and

KRISTINA BOGARDUS, in her official
capacity as Judge of the New Mexico Court
of Appeals; JACQUELINE ROSE
MEDINA, in her official capacity as Judge
of the New Mexico Court of Appeals,

     Defendants.

No. 23-2063
(D.C. No. 1:21-CV-01037-JB-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.

_____

Javier Balderama, proceeding pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 action against New Mexico state court judges and state officials.  He challenges the dismissal of two of the judges named as defendants.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Balderama filed an amended complaint for declaratory and injunctive relief under § 1983 and 28 U.S.C. § 2201(a).  In his amended complaint, he challenged rulings made in the New Mexico state district and appellate courts in a domestic relations case related to his child support obligations.  Defendant Shannon Bulman is a judge for the First Judicial District of New Mexico.  Defendant J. Miles

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Balderama is pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Hanisee is the Chief Judge of the New Mexico Court of Appeals.  Mr. Balderama

also named as defendants Judges Mary Marlowe Sommer, Kristina Bogardus, and

Jacqueline Medina, and state officials Raul Torrez and Bettina G. McCracken.[2]

The defendants moved to dismiss Mr. Balderama's amended complaint under

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the district court should abstain

from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and that

the doctrines of judicial and/or Eleventh Amendment immunity barred the suit.  A

magistrate judge issued a report and recommendation that recommended dismissal

without prejudice under *Younger* from all claims seeking injunctive and declaratory

relief and dismissal with prejudice of all § 1983 claims, "find[ing] that

[Mr. Balderama's] Amended Complaint fails to state a claim for relief pursuant to

Fed. R. Civ. P. 12(b)(6) against Defendants Torrez, Bulman, Sommer, Hanisee and

McCracken and that all § 1983 claims against them are barred by either judicial

and/or Eleventh Amendment immunity."  R. at 204.  The district court, on review of

the magistrate's recommendation, overruled Mr. Balderama's objections and

> conclude[d] that Balderama's Amended Complaint [did] not state a
> claim for relief pursuant to rule 12(b)(6) against Mr. Torrez, Judge
> Bulman, Judge Sommer, Judge Hanisee and McCracken, and that either
> judicial and/or Eleventh Amendment immunity bar[red] all § 1983
> claims against them.  Because the Court [] dismissed Balderama's
> claims for lack of subject-matter jurisdiction pursuant to *Younger*,
> however, the Court [did] not dismiss with prejudice Balderama's
> Amended Complaint against the Defendants, but note[d] instead that, if

---

[2] Mr. Balderama "drop[ped] as Defendants" Judges Bogardus and Medina in his amended complaint.  R. at 262.  Further, he conceded in his objections to the magistrate judge's recommendations that Mr. Torrez, Judge Sommer, and Ms. McCracken "were not rightfully included in the case."  R. at 254 (quoting R. at 205).

> *Younger* abstention did not apply, it would [have dismissed] the
> Amended Complaint with prejudice for failure to state a claim.

R. at 258–59.  This appeal followed.

## DISCUSSION

Initially, we observe Mr. Balderama limits his arguments on appeal to the district court's dismissal of Defendants Bulman and Hanisee.  *See* Aplt. Opening Br. at 2.  Because he raises no argument objecting to the dismissal of Defendants Summer, Bogardus, Medina, Balderas, and McCracken, he has waived any such arguments, and we affirm the dismissal of his complaint against those defendants. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("An issue or argument insufficiently raised in a party's opening brief is deemed waived.").

But even as to Defendants Bulman and Hanisee, Mr. Balderama's briefing failures dictate the result.  "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020).  The district court stated two alternative grounds justifying the dismissal of Judge Bulman and Judge Hanisee:  (1) *Younger* abstention and (2) judicial immunity.  Mr. Balderama challenges only the first of these grounds in his opening brief.  *See* Aplt. Opening Br. at 11, 16, 17, 23, 24 (setting forth five issues on appeal, each of which concerns the applicability of *Younger* abstention). Even if Mr. Balderama were correct that *Younger* abstention did not apply, the district court would still have dismissed the claims in the amended complaint against

Judge Bulman and Judge Hanisee by applying the doctrine of judicial immunity. We therefore affirm the ruling of the district court without considering Mr. Balderama's challenges to its application of *Younger* abstention. *See Rivero*, 950 F.3d at 763.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge